1   FRANK N. DARRAS #128904, Frank@DarrasLaw.com
2   SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
    PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
3   **DarrasLaw**
4   3257 East Guasti Road, Suite 300
5   Ontario, California 91761-1227
    Telephone:   (909) 390-3770
6   Facsimile:   (909) 974-2121
7   Attorneys for Plaintiff
    ALICIA TANNER
8

9                        UNITED STATES DISTRICT COURT
10                       CENTRAL DISTRICT OF CALIFORNIA
11
     ALICIA TANNER,                          Case No:
12
                    Plaintiff,               COMPLAINT FOR BENEFITS UNDER
13                                           AN EMPLOYEE WELFARE BENEFIT
                                             PLAN
14        vs.
15   LIFE INSURANCE COMPANY OF
     NORTH AMERICA,
16
17                  Defendant.
18
19
20   Plaintiff alleges as follows:
21        1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337
22   and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security
23   Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by
24   Plaintiff for disability benefits under an employee benefit plan regulated and governed
25   under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C.
26   § 1331 as this action involves a federal question.
27        2.     The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of
28   the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

1    Those avenues of appeal have been exhausted.

2        3.    Plaintiff is informed and believes and thereon alleges that the Apple Inc.

3    Group Long Term Disability Benefit Plan ("Plan") is an employee welfare benefit plan

4    established and maintained by Apple Inc. to provide its employees and those of its

5    subsidiaries and affiliates, including Plaintiff, ALICIA TANNER ("Plaintiff" and/or "MS.

6    TANNER"), with income protection in the event of a disability and is the Plan

7    Administrator.

8        4.    Plaintiff alleges upon information and belief that Defendant, LIFE

9    INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times

10    was, a corporation duly organized and existing under and by virtue of the laws of the

11    State of Pennsylvania, authorized to transact and transacting the business of insurance

12    in this state, and, the insurer and Claims Administrator for the Plan.

13        5.    Plaintiff further alleges that venue is proper in this district pursuant to 29

14    U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is

15    ultimately liable if Plaintiff is found disabled, may be found in this district.  Since on or

16    about November 1, 1956, LINA has been registered as a corporation with the state of

17    California, has extensive contacts within the state, employs California residents, conducts

18    ongoing business within the state and therefore, may be found within the state.

19        6.    At all relevant times Plaintiff was a citizen of The United States, an

20    employee of Apple Inc., its successors, affiliates and/or subsidiaries, and a participant in

21    the Plan.

22        7.    Based upon information and belief, Plaintiff alleges that at all relevant

23    times herein Plaintiff was covered under group disability policy number FLK-0030104

24    that had been issued by Defendant LINA to Apple Inc. to insure its Plan, and the eligible

25    participants and beneficiaries of the Plan, including Plaintiff.

26        8.    The subject Policy promised to pay Plaintiff monthly long term disability

27    benefits for a specified period of time should she become disabled. Therefore, LINA

28    both funds and decides whether claimants will receive benefits under the Plan and as

1    such suffers from a structural conflict which requires additional skepticism.

2        9.    Based upon information and belief, Plaintiff alleges that, according to the

3    terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability

4    benefits to Plaintiff as follows:

5    - Elimination Period: The later of 365 days or the date Short Term Disability

6      benefits end.

7    - Gross Disability Benefit:

8      o The lesser of 70% an Employee's monthly Covered Earnings

9        rounded to the nearest dollar, or the Maximum Disability Benefit.

10   - Maximum Disability Benefit: $17,500 per month.

11   - Minimum Disability Benefit: $50 per month.

12   - Maximum Benefit Period:  The end of the month in which your 65th

13     birthday occurs.

14   - Definition of Disability/Disabled:

15     o The Employee is considered Disabled if, solely because of Injury or

16       Sickness, he or she is:

17       ▪ 1. unable to perform the material duties of his or her Regular

18         Occupation; and

19       ▪ 2. unable to earn 80% or more of his or her Indexed

20         Earnings from working in his or her Regular Occupation.

21     o After Disability Benefits have been payable for 12 months, the

22       Employee is considered Disabled if, solely due to Injury or

23       Sickness, he or she is:

24       ▪ 1. unable to perform the material duties of any occupation for

25         which he or she is, or may reasonably become, qualified

26         based on education, training or experience; and

27       ▪ 2. unable to earn 80% or more of his or her Indexed

28         Earnings.

**DarrasLaw**

1        10.    Prior to her disability under the terms of the Plan, on or about November
2  30, 2017, Plaintiff, who had been employed with Apple Inc. was working as a Technical
3  Customer Service Support Advisor.

4        11.    On or about November 30, 2017, Plaintiff became disabled under the
5  terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

6        12.    LINA initially approved Plaintiff's claim and paid Plaintiff benefits.

7        13.    However, on or about October 23, 2019, LINA unreasonably and
8  unlawfully denied her long term disability benefits beyond November 29, 2019. Plaintiff
9  timely appealed.

10       14.    On or about June 23, 2021, LINA unreasonably and unlawfully upheld its
11  denial of Plaintiff's long term disability benefits.

12       15.    According to LINA's denial letter:

13            •  **October 23, 2019:** "We have completed our review and determined
14               that you no longer remain disabled. …You have the right to bring a
15               legal action for benefits under the Employee Retirement Income
16               Security Act of 1974 (ERISA) section 502(a) following an adverse
17               benefit determination on appeal."

18            •  **June 23, 2021:** "After completing our review of your claim, we must
19               uphold our prior decision to deny your claim. …You have the right
20               to bring a legal action for benefits under the Employee Retirement
21               Income Security Act of 1974 (ERISA) section 502(a) following an
22               adverse benefit determination on appeal."

23       16.    In so doing, LINA unreasonably and unlawfully failed to timely identify the
24  medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians
25  who were financially biased and/or not qualified to refute the findings of Plaintiff's board
26  certified physicians; relied strictly upon physical requirements of occupations instead of
27  taking into consideration the non-exertional requirements of Plaintiff's own, or any,
28  occupation; and misrepresented the terms of the Policy.

17.     Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability, and entitled her to benefits under the Plan.

18.     To date, even though Plaintiff has been disabled, LINA has not paid Plaintiff any disability benefits under the Policy since on or about November 29, 2019. The unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed her file; failing to timely advise Plaintiff of what specific documentation it needed from her to perfect her claim; and, failing to provide a complete copy of all documents, records, and other information relevant to her claim despite a request by Plaintiff in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);

- LINA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and,

- LINA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians.  Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file.  Further, LINA's highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

19.     For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law. Further, LINA's denial

1   decision and actions heighten the level of skepticism with which a court views a

2   conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458

3   F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342

4   (2008).

5       20.    Additionally, ERISA imposes higher-than-marketplace quality standards

6   on insurers. It sets forth a special standard of care upon a plan administrator, namely,

7   that the administrator "discharge [its] duties" in respect to discretionary claims

8   processing "solely in the interests of the participants and beneficiaries" of the plan, §

9   1104(a)(1); it simultaneously underscores the particular importance of accurate claims

10   processing by insisting that administrators "provide a 'full and fair review' of claim

11   denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements

12   marketplace and regulatory controls with judicial review of individual claim denials, see

13   § 1132(a)(1)(B).

14       21.    As a direct and proximate result of LINA's failure to provide Plaintiff with

15   disability benefits, Plaintiff has been deprived of said disability benefits beginning on or

16   about November 30, 2019 to the present date.

17       22.    As a further direct and proximate result of the denial of benefits, Plaintiff

18   has incurred attorney fees and costs to pursue this action, and is entitled to have such

19   fees and costs paid by defendant pursuant to 29 U.S.C. § 1132(g)(1), ERISA §

20   502(g)(1).

21       23.    A controversy now exists between the parties as to whether Plaintiff is

22   disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that she

23   meets the Plan definition of disability and consequently she is entitled to all benefits

24   from the Plan to which she might be entitled while receiving disability benefits, with

25   reimbursement of all expenses and premiums paid for such benefits from November 30,

26   2019 to present.  In the alternative, Plaintiff seeks a remand for a determination of

27   Plaintiff's claim consistent with the terms of the Plan.

28       WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1     1.      An award of benefits in the amount not paid Plaintiff beginning on or about

2   November 30, 2019, together with interest at the legal rate on each monthly payment

3   from the date it became due until the date it is paid; plus all other benefits from the Plan

4   to which she might be entitled while receiving disability benefits, with reimbursement of

5   all expenses and premiums paid for such benefits or, in the alternative, a remand for a

6   determination of Plaintiff's claim consistent with the terms of the Plan;

7     2.      An order determining Plaintiff is entitled to future disability

8   payments/benefits so long as she remains disabled as defined in the Plan;

9       3.      For reasonable attorney fees and costs incurred in this action; and,

10      4.      For such other and further relief as the Court deems just and proper.

11

12

13   Dated: July 19, 2021

14

15   FRANK N. DARRAS
     SUSAN B. GRABARSKY
16   PHILLIP S. BATHER
     Attorneys for Plaintiff
17   ALICIA TANNER

18

19

20

21

22

23

24

25

26

27

28